## NICKERSON *v.* PATRIDGE

No. 41826          April 17, 1961          128 So. 2d 751

*Crawley & Ford,* Kosciusko, for appellant.

*Crawley, Brooks & Guyton,* Kosciusko, for appellees.

JONES, J.

John Henry Nickerson, having been injured June 2, 1959, in the course of his employment, later filed claim under the Workmen's Compensation Act against D. V. Patridge, d/b/a Patridge Lumber Company, Patridge's insurance carrier, and John H. Brett.

On hearing, the attorney-referee held that Nickerson was the employee of Brett and was entitled to compensation as against Brett; that he was not an employee of Patridge, and entitled to no compensation from Patridge or his insurance carrier. By a 2-1 decision the Commission affirmed the finding of the attorney-referee. In the Circuit Court of Scott County, the decision of the Commission was affirmed. There is no appeal by Brett. Here Nickerson is seeking to hold Patridge liable.

The following statement of facts is sufficient to show the issue before us: On November 12, 1958, Patridge Lumber Company purchased from the International Paper Company all timber marked with yellow paint on a portion of 80 acres of land in Scott County, Mississippi.

Patridge contracted with Brett for the cutting, removing and sawing of said timber into lumber and then moving the lumber from his mill to Winona. The holding on the hearing was, as stated, that Nickerson was an employee of Brett; that Brett was an independent contractor, and that Nickerson was not an employee of Patridge Lumber Company.

The deed to Patridge recited a cash consideration of $6,790.26, and contained substantially the following provisions: The buyer was to have until December 31, 1959 within which to cut and remove the timber; if any of the covenants and stipulations were violated, the seller might suspend buyers operations on the lands until such time as the buyer paid reasonable damages for such violations and agreed to correct same; the buyer was required to conduct his logging operations so as to avoid and minimize damage to all trees not conveyed; the logging operations by buyer should be conducted only with the usual equipment such as trucks, tractors, and animal drawn wagons.

If any timber other than that conveyed was cut or unduly damaged by the buyer's operations, buyer would be liable therefor at a fixed price per thousand. It was further provided that the buyer should use all reasonable precaution to prevent fires and the spread of fires. Buyer agreed to notify seller of any fire, if possible, and to have his employees that might be carrying on operations on the land control, or assist in controlling the fires.

The buyer was required to leave all roads, property lines and drainage ditches clear. The buyer was prohibited from nailing fences or other structures to standing timber.

Appellant contends that under his deed with such provisions Patridge Lumber Company did not occupy the position of buyer but was in the position of a prime contractor for the cutting and removing of said timber; that

Brett was a subcontractor who had not qualified as a self-insurer or by the securing of insurance. Therefore, it is asserted Patridge was liable under the last paragraph of Section 6998-04 of the Mississippi Code of 1942, as amended in 1958, reading as follows:

"In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment. . . ."

Appellant cites an Arkansas case, Brothers, et al. v. Dierks Lumber and Coal Company, et al., 232 S.W. 2d 646, and cases cited therein, as authority which we should follow. The Brothers case is different on its facts and it and the cases cited there are not controlling here.

The seller of the timber had a right to insert in its conveyance provisions which would protect its timber not sold as well as its land. Most of the provisions in said deed are in common use. They do not change the conveyance to Patridge so as to make Patridge a contractor for the removal of such timber. Patridge was the owner of the timber conveyed. The attorney-referee, the commission and the circuit court held that Brett was an independent contractor; that the appellant was an employee of Brett and not of Patridge, and with this finding we agree. The case is affirmed and remanded to the Workmen's Compensation Commission insofar as the employer Brett is concerned.

Affirmed and remanded.

*McGehee, C.J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.